40561. KENNESAW LIFE & ACCIDENT INSURANCE
COMPANY v. HUBBARD.

DECIDED APRIL 7, 1964.

*Smith, Ringel, Martin, Ansley & Carr, H. A. Stephens, Jr., Philip Benson Ham,* for plaintiff in error.

*W. B. Mitchell,* contra.

FRANKUM, Judge. This case is a companion case to *Kennesaw Life &c. Ins. Co. v. Hubbard,* 106 Ga. App. 556 (127 SE2d 845). The parties in this case are the same as in that case. It involves the claim of the plaintiff against the defendant arising under a second insurance policy issued by the defendant to the plaintiff insuring the life of the plaintiff's son. It appears from the record in this case that the policy here involved, in the amount of $5,000, was issued on an application made when the policy involved in the previous case was delivered to the plaintiff on February 15, 1957. The application was in the same form as the application for the policy in the other case and contained a provision signed by the plaintiff as follows: "I hereby declare that all answers to the questions above and in Part III on the reverse side hereof and to the questions in any medical examination required are complete and true, and I hereby agree (1) that all answers to such questions, together with this agreement, shall form the basis and become a part of any policy issued hereunder, . . ." As a part of the application it was stated therein that the proposed insured (that is, the plaintiff's son)

had two sisters living whose health was good. A photostat of the application, together with a photostatic copy of the blank filled out as a result of the medical examination the insured had on December 28, 1956, in connection with the issuance of the prior policy, was attached to the policy.

In its answer to the plaintiff's petition the defendant averred that the answers contained in the application with respect to the family history of the proposed insured wherein it was stated and represented that he had two sisters whose health was good was incorrect and untrue in that one of his sisters was afflicted with and suffered from sickle cell anemia. It was further averred in the answer that there was included as a part of the application for the policy a medical examination blank completed by the plaintiff as the father of the proposed insured, and that in said blank the plaintiff answered certain questions with respect to the previous medical history of the proposed insured incorrectly, and failed to reveal therein that the proposed insured was ill with and had suffered from sickle cell anemia since the age of two, and that he had had "acute episodes" of the disease in April, 1956, and again in November, 1956. It was further averred that these matters contained in the answers to the questions in the application for the policy were material to the risk and rendered the policy void ab initio.

The plaintiff made a motion for a summary judgment contending that the policy was issued without any misrepresentations of any kind, and that the defendant's answer did not present any jury issue. In opposition to that motion the defendant filed a response reiterating the material facts, as outlined above, and attached an affidavit by its "Assistant Vice President" to the effect that the policy sued on in this case was issued by the defendant in reliance upon statements contained in the medical examination blank dated December 28, 1956.

Under the authorities cited in the companion case, supra (106 Ga. App. 556, 560, et seq.), there was at least a jury issue as to whether material misrepresentations contained in the application for the policy had induced the defendant insurance company to issue the policy, and whether it would have issued the policy had the true facts been known to it. The trial court erred in

rendering a summary judgment for the plaintiff. No question is presented by the record before this court as to whether the defendant would be entitled to a summary judgment under the ruling made in the companion case.

*Judgment reversed. Felton, C. J., and Pannell, J., concur.*