110 Ga. App. 869 (1965)
140 S.E.2d 237
HUBBARD
v.
KENNESAW LIFE & ACCIDENT INSURANCE COMPANY.
40929.
Court of Appeals of Georgia.
Decided January 6, 1965.
*870 W. B. Mitchell, for plaintiff in error.
Philip Benson Ham, H. A. Stephens, Jr., Smith, Ringel, Martin, Ansley & Carr, contra.
FRANKUM, Judge.
This case, a companion case to Kennesaw Life &c. Ins. Co. v. Hubbard, 106 Ga. App. 556 (127 SE2d 845), was considered by this court upon a previous appeal by the defendant insurance company from the judgment of the trial court granting a summary judgment in favor of the plaintiff, which judgment was reversed by this court, Kennesaw Life &c. Ins. Co. v. Hubbard, 109 Ga. App. 545 (136 SE2d 498), reference to which opinion may be made for a statement of the facts of the case. Thereafter, the defendant filed a motion for a summary judgment, together with the deposition of J. W. Reynolds, Jr., the affidavit of defendant's vice-president, Richard M. Fabian, and a copy of the insurance policy with the application and medical examination forms therefor. In opposition to this motion the plaintiff filed a response, contending that the policy was issued without any medical examination and without any representations as to the health of the insured, and an affidavit to the effect that no questions were asked by the agent about the health of the insured's sister, which was good at the time the affidavit was made. The trial court rendered a summary judgment for the defendant, to which judgment the plaintiff excepts.
On the previous appearance of this case before this court, it was held that "Under the authorities cited in the companion case, supra (106 Ga. App. 556, 560 et seq.), there was at least a jury issue as to whether material misrepresentations contained in the application for the policy had induced the defendant insurance company to issue the policy, and whether it would have issued the policy had the true facts been known to it." (Emphasis supplied.) The uncontradicted evidence of the defendant's deponent and affiant is to the effect that the policy was issued by the defendant in reliance upon statements contained in the medical examination form dated December 28, 1956, upon which the defendant had relied in the issuance of the other *871 policy sued on by the plaintiff in the aforesaid companion case; that these statements were incorporated in and made a part of the application for the later policy now in question by the following provision above the plaintiff's signature on both applications: "I hereby declare that all answers to the questions above and in Part III on the reverse side hereof and to the questions in any medical examination required are complete and true, and I hereby agree (1) that all answers to such questions, together with this agreement, shall form the basis and become a part of any policy issued hereunder, . . ." (emphasis supplied.); that a copy of the medical examination blank was attached to and made a part of the policy sued on at the time of its issuance.
Under the law as it existed at the time the policy sued on was issued, "Where an application for a policy of life insurance is not attached to and made a part of the policy, it is not to be regarded as part of the contract, and misrepresentations by the applicant will not avoid the policy unless they are both false and fraudulent." Gulf Life Ins. Co. v. LeCroy, 181 Ga. 243, 253 (182 SE 378); former Code § 56-2409, Ga. L. 1906, p. 107). (Under the present law, Code Ann. § 56-2409, Ga. L. 1960, pp. 289, 660, all statements in applications are deemed to be representations and not warranties.) The medical examination form upon which the previous policy was based was a part of the application for that policy and, as it was attached to the policy, became a part of the policy, constituting a warranty on the part of the plaintiff as to the truth of the statements contained therein. Although there is no evidence that this form, or a copy thereof, was attached to the application for the second policy, the one involved in this case, there is evidence that it was attached to the policy itself, which is what was required under the former law to make it a part of the policy, hence a warranty. Further, the provision, hereinabove quoted, above the plaintiff's signature on the application for the first policy was an agreement that the completed medical examination form was to "form the basis and become a part of any policy issued hereunder." It was, therefore, merely a question as to whether the second policy was issued pursuant to and based upon the original medical examination form, regardless of whether or not *872 the prospective applicant was aware of this fact at the time the second application was filled in. The evidence, as set out hereinabove, was sufficient to show that the form was attached to and made a part of the second policy and, therefore, that the second policy was issued on the basis of the form. Since this court has held the first policy to be void on the basis of the false statements contained in the form (106 Ga. App. 556, supra), it follows that the same form must void the second policy, of which it was a part, as held above.
The trial court, therefore, did not err in rendering a summary judgment for the defendant.
Judgment affirmed. Felton, C. J., and Pannell, J., concur.