THE RICHMOND AND DANVILLE RAILROAD CO. v. GARNER.

1. The defendant, on the trial of an action against a railroad company for personal injuries, having introduced testimony tending to show that the plaintiff's impaired physical condition was the result, not of the injuries alleged in the declaration to have been sustained, but of rheumatism which he had contracted, and from the effects of which he had suffered, long before such alleged injuries occurred, there was no abuse of discretion in allowing the plaintiff, after testifying in rebuttal that he had never been afflicted with rheumatism prior to the time he was injured, to account for the absence of his wife from the trial by stating that she was detained at home by the sickness of her children, it be-

ing manifest that she had knowledge of facts which would make her an important witness concerning this issue, and the court stating, in effect, that the testimony explaining her absence was admitted only because the non-production of her as a witness might be the subject of unfavorable comment against the plaintiff before the jury.

2. The evidence being conflicting as to whether or not the plaintiff's injuries were permanent, it was not error to admit in his behalf the mortality and annuity tables in 70 *Ga.*, to aid the jury in arriving at a proper amount of damages in case they should determine that the injuries were permanent and that the plaintiff was entitled to recover.

3. The evidence showing that the plaintiff, an employee of a railroad company, in the course of his duty, in the daytime, after examining a ladder resting against a coal car and testing the security of its position, had safely ascended it, and that while he was engaged in doing some necessary work in the car the ladder, without his knowledge, was removed by another employee of the company, who in a short time replaced it against the car apparently in the same position, and that upon the plaintiff's attempting to descend, without re-examining the ladder or again testing the safety of its position, it slipped from under him, and he fell and was injured, it was a question of fact for the determination of the jury as to whether or not the plaintiff was guilty of any negligence contributing to the injury. This question having, under proper instructions from the court, been decided by the jury in his favor, the verdict will not be disturbed.        *Judgment affirmed.*

October 14, 1892.

Before Judge VAN EPPS.    City court of Atlanta. December term, 1892.

Garner sued the railroad company for damages from personal injuries which he alleged he sustained from the falling of a ladder while he was upon it attempting to descend from the defendant's car upon which it had become necessary for him to go as an employee of defendant. He alleged that after ascending into the car upon the ladder safely, an employee or employees of defendant moved the ladder and replaced it in a negligent, careless and insecure way, so that when he went upon it in descending it fell with him. His declaration described his injuries, and alleged that he would continue permanently to suffer. He was given a ver-

dict for $700. A motion for new trial was overruled, and the defendant excepted. The grounds of the motion and other material facts sufficiently appear from the head-notes, without setting forth the evidence in detail.

Jackson & Jackson, for plaintiff in error.
Glenn & Slaton, *contra*.