4832.　CITIZENS NATIONAL LIFE INSURANCE CO. *v.* RAGAN.

POTTLE, J. 1. In a suit upon a policy of life insurance, where the issue is as to payment or non-payment of the premium, an agent of the insurer is not incompetent, under the Civil Code, § 5858 (4), to testify that the premium was paid to him by the insured, and that he did not remit it to the insurer. In such a case the pecuniary interest of the witness was the same, no matter which party prevailed. If the plaintiff recovered, the witness was liable to the insurer for the amount of the premium. If the defendant prevailed, on the theory that the contract of insurance had never been executed, the witness would be bound to pay the amount of the premium to the legal representative of the insured. *Crawford v. Parker, 96 Ga. 156* (23 S. E. 196); *Hidell v. Dwinell, 89 Ga. 532* (16 S. E. 79).

2. Generally a verdict will not be set aside because a witness was allowed to testify to a fact as to which he was shown to have had no adequate knowledge, when other competent evidence of the same fact was admitted without objection.

3. An agent for the defendant testified positively that the insured paid to him the premium in cash. There was no evidence to warrant an instruction upon the theory that the cancellation by the insured of a debt due him by the agent would not be payment of the premium according to the terms of the policy. Testimony was offered for the purpose of impeaching the agent, to the effect that he had stated that no money had been paid him by the insured, but that a debt due the insured by the agent had been cancelled. If this impeaching testimony was credible, the agent's testimony on the subject of payment should have been disregarded; but the testimony offered for impeachment did not authorize an instruction upon the theory that the previous statements made by the witness were the truth of the transaction.

4. There was no error in charging that if the policy was delivered and the premium paid to the defendant's agent, the company would not be relieved from liability merely because its agent failed to remit to it the amount of the premium.

5. In the absence of a request for more specific instructions, the following charge will not, in the present case, be held so deficient in fulness as to require a new trial: "A witness may be impeached by disproving the facts testified to by him; a witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and the case; and if he may have been sought to have been impeached, he may be sustained by evidence of general good character. The credibility of the witness is a matter to be determined entirely by the jury. Nor would the court have you to infer from what the court has said to you that any witness has been impeached, or that any witness has spoken an untruth. The credibility of the witness is a matter entirely for the jury to determine." Although not so instructed in terms, the jury must have understood that they should not believe the witness, if they thought he had been successfully impeached.

6. The fact that a party called only one of three witnesses who had an equal opportunity to know the fact which it was sought to establish does not authorize an inference that the other witnesses would have testified differently or warrant an instruction to this effect to the jury.

7. Other than as above dealt with, the pertinent and legal requests to charge which were refused were substantially covered by the charge given to the jury.

8. The evidence warranted the verdict.          *Judgment affirmed.*

DECIDED JUNE 25, 1913.

Action on insurance policy; from city court of Leesburg—Judge Long. March 7, 1913.

*R. R. Forrester, I. J. Hofmayer,* for plaintiff in error.

*H. A. Wilkinson,* contra.