408

## 22535.   WEST LUMBER COMPANY *v.* CANDLER.

DECIDED JANUARY 7, 1933.   ADHERED TO ON REHEARING, FEBRUARY 18, 1933.

*Jones, Fuller, Russell & Clapp, J. D. McLamb,* for plaintiff.

*Tye, Thomson & Tye, R. A. Edmondson Jr., Edwin L. Sterne,* for defendant.

JENKINS, P. J. West Lumber Company sued Eckford and Candler as copartners for the value of certain building material furnished Eckford for the improvement of a building leased by him from Candler. The lease contract contained the usual stipulations appropriate to an agreement of that sort. There were additional stipulations which, according to the plaintiff, made the defendants actual copartners. The suit is not based on the idea that Candler held himself out as a partner, but that his agreement with Eckford actually made him one. By the terms of the lease Eckford agreed to pay Candler the unconditional weekly sum of $250 as rental, plus a stipulated amount of the gross income, according to a graduated scale, which Eckford might derive from the business he was to operate in the leased premises. It further provided that Candler was to lend Eckford a specified sum at a stipulated rate of interest to be evidenced by a note, which sum Eckford as lessee was to use in remodeling the building; and, as security for the loan, a stipulated amount of the net income which might be derived from the business was to be set aside and held in trust by Eckford for the benefit of the lender. The lease further provided that, in the event Eckford should expend for improvements more than the sum advanced to him by Candler, he might apply 90% of the net income to himself until reimbursed, prior to the claim of Candler thereon as security for his loan. The court sustained a general demurrer of the defendant Candler, and the plaintiff excepted.

A rehearing was granted in this case on a motion directed mainly, if not entirely, to the original ruling with reference to counts 7 and 9 of the petition. The original ruling as contained in the original paragraph 4 of the syllabus was that the special allegations contained in these counts with reference to the participation by the defendant Candler in the operation of the building could have no relevancy, since it appears manifest that the materials were purchased prior to the facts alleged with reference to the alleged acts and conduct of the defendant Candler in participating in the management and control of the business. The court in its original

opinion cited on this proposition the case of *Davis-Washington Co.* v. *Vickers,* 41 *Ga. App.* 818 (155 S. E. 92). In the motion for a rehearing, the plaintiff in error seeks to distinguish this case from the instant case on the theory that in the *Vickers* case the plaintiff sought to recover only on the proposition that the defendant was liable on the theory of an estoppel growing out of an ostensible partnership, whereas in the instant case liability is sought against the defendant Candler on the theory, not that he held himself out as a partner, but that he actually was one. Movant cites the case of *Fleshman* v. *Collier,* 47 *Ga.* 253, where it was held: "In a suit in which one of the issues is whether a partnership existed or not at the date of the contract sued on, evidence of the existence of partnership some three months after the date of the contract is admissible, to be considered by the jury with other evidence tending to show the partnership at the time alleged."

The special allegations embodied in counts 7 and 9 of the petition not included in the other counts, as already intimated, relate to the alleged acts and conduct of the defendant Candler with reference to his participation and control over the work of remodeling the building and the conduct of the business itself. It was alleged that, after the business began to be conducted in the building, which consisted in the operation of a dance hall, the defendant participated in the operation of the same; that he insisted upon being consulted, and was consulted, as to what prices should be paid and who should be employed; and that he personally guaranteed the payment of salaries to people employed in the conduct of said business, and supervised the collection of receipts at the door and over the counter. The contention is that, "regardless of how said enterprise was originated, it was as a matter of fact conducted by both of the defendants, and both of them participated personally in its conduct and control," with the result that the facts show that, no matter what the contract might indicate, they were in fact actual copartners. It must be borne in mind that the facts with reference to the contract, the amendments thereto, the loans to be made, the manner in which they were to be paid, and the security taken for their repayment, were all set forth in these counts as in the other counts. Since it is made to appear by the plaintiff in each of the counts in question that the defendant Candler had leased to Eckford the premises involved at an unconditional weekly rental of a stated

sum, plus an additional percentage of the gross income, with the further provision that Eckford was to expend the sum of $10,000 in improving and remodeling the building, which sum Candler was to advance to Eckford on an unconditional promise to repay, and that as security for said loan a prescribed amount of the net income which might be derived from the business was to be set aside and held in trust by Eckford for the benefit of Candler, the lender—it follows that all of the specially pleaded allegations contained in counts 7 and 9 are altogether consistent with the theory that the defendant Candler was merely undertaking, as he had a right to do, to see that his loan was properly expended in the improvement of the property as agreed, and that he received his due proportion of the gross income from the business as additional rent according to the terms of the lease, and that he received his proper proportion of the net income as a repayment on the loan. The fact that in these counts of the petition the plaintiff designated the lease contract as a "purported lease" and set forth in effect that the whole transaction was a mere scheme or device by which the defendant Candler sought to "conceal his interest in said night club and dance hall" as a copartner in said business, is but a mere conclusion of the pleader from the facts set forth by him. Since the facts set forth are in no wise inconsistent with the lease contract as made, the conclusion drawn by the pleader would not be taken to authorize the imposition of liability upon the defendant as a copartner. Nor is the allegation that this defendant personally guaranteed the wages of certain of the employees in the building such a fact as could possibly be taken to set up the relationship of a copartner. The defendant had an interest in his building remaining rented. If he saw proper to extend aid to his tenant within certain limits in order to prevent the premises from becoming vacant, he had a perfect right to do so. If he was a partner, he would be liable without any such guaranty. If he was not a partner, he had a right to render this assistance without assuming the burdens and liabilities of a partnership.

The facts in the instant case differentiate it from the case of *Fleshman* v. *Collier,* quoted from above. In this case every fact and circumstance set forth in counts 7 and 9 is consistent with the relationship of landlord and tenant, and debtor and creditor, as expressly set forth by the petition itself. The burden is upon the

plaintiff to set forth a case imposing liability. The case that he does set forth is entirely consistent with non-liability, and in our opinion, assuming every allegation to be true, as must be done, it does not impose liability, and is therefore subject to demurrer. Moreover, in the instant case, the petition expressly alleges that "said Eckford did buy the material," the price of which is sued for. Thus, according to the averments of the petition itself, the contract of sale was made by plaintiff with Eckford as an individual. It is not even contended that the plaintiff relied upon the liability of Candler either as an ostensible or as an actual copartner. It is the rule of law that, even if it were true, and the petition did show, that Candler was an actual partner in the conduct of this enterprise, the plaintiff nevertheless had the legal right to sell the material to the defendant Eckford, if he saw proper so to do. In *Floyd* v. *Wallace,* 31 *Ga.* 688 (5), the Supreme Court said: "If a contract be made with one in his individual right, and on his own security, such person is alone liable on that contract, although a partnership existed that [received] the entire benefit of the contract of which such contracting party was a member."

*Judgment affirmed. Stephens and Sutton, JJ., concur.*