

GULF LIFE INSURANCE COMPANY *v.* LɛCROY *et al.*

No. 10823.  October 16, 1935.

246

*J. D. Tindall, C. N. Davie,* and *J. F. Kemp,* for plaintiff.

*E. Harold Sheats* and *Marion Williamson,* for defendants.

PER CURIAM. 1. "Every application for insurance shall be made in the utmost good faith, and the representations contained in such application shall be considered as covenanted to be true by the applicant. Any variation by which the nature, extent, or character of the risk is changed shall void the policy." Code of 1933, § 56-820. "Any verbal or written representations of facts by the insured to induce the acceptance of the risk, if material, must be true, or the policy shall be void. If, however, the party shall have no knowledge, but shall state on the representation of others, bona fide, and shall so inform the insurer, the falsity of the information shall not void the policy." § 56-821. Where an application for a policy of life insurance is not attached to and made a part of the policy, it is not to be regarded as part of the contract, and misrepresentations by the applicant will not avoid the policy unless they are both false and fraudulent. The evidence in this case did not demand a finding that the policy was procured by the applicant through fraud. *Johnson* v. *American National Life Insurance Co.,* 134 *Ga.* 800 (68 S. E. 731).

2. The remarks by counsel for the defendant, "I want to show that they [the petitioner] have detectives out there that they have not brought in as witnesses," and "Of course, they don't want her testimony in after they took it; they just dropped it like a hot brick," did not, as a matter of law, require the grant of a mistrial.

3. The court charged the jury as follows: "The application for insurance signed by Mrs. LeCroy, which is in evidence, is not attached to the policy and is not a part of the policy. Therefore, any statements or representations contained in the application, whether true or untrue, are not warranties or part of any agreement between Mrs. LeCroy and the Gulf Life Insurance Company, for the misrepresentations of which the contract of insurance could be canceled. They are to be considered by the jury solely in connection with the question of whether or not Mrs. LeCroy practiced fraud upon the company in inducing the company to issue a policy of life insurance on her life." This statement was not inaccurate when taken in connection with other parts of the charge wherein the court correctly stated the law applicable to misrepresentations

falsely and knowingly made to induce the issuance of a contract of insurance. It is admitted by counsel for the insurer that the application was not part of the contract of insurance and did not constitute a warranty, but only an inducement leading up to the contract.

4. The charge of the court that "Unless the jury should believe that Mrs. LeCroy induced the company to issue the policy of insurance by fraudulently concealing from the company material facts, and that this was done with the intention to defraud the company, when, had it been aware of the fact, it would not have issued said policy, the jury would not be authorized to order the policy canceled," was not error as against the insurer.

5. The court did not err in giving the following charge: "Misrepresentations of facts which are not material to the issue would not amount to fraud. Whether or not a fact is material is a question for the jury to determine."

6. The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Gilbert and Hutcheson, JJ., who dissent, and Russell, C. J., absent because of illness.*