27667. DAUGHTRY *v.* GEORGIA POWER COMPANY.

506

Decided December 5, 1939.   Rehearing denied December 19, 1939.

*G. Seals Aiken,* for plaintiff.

*MacDougald, Troutman & Arkwright, Harllee Branch Jr.,* for defendant.

Stephens, P. J.   Miss Frances Daughtry brought an action against Georgia Power Company for damages on account of personal injuries. The allegations of her petition so far as now material were substantially as follows: That the defendant operated a street railway in the City of Atlanta on Peachtree Street between Ellis and Cain Streets, on January 23, 1936; that at about 2 p. m., on that date and at the said place she awaited the

arrival of a Forrest Avenue car going north; that when she saw this car approaching she proceeded to the concrete platform in Peachtree Street at Cain Street for the purpose of boarding the street car which stopped opposite the concrete platform at said place; that the car was operated by one person and was known as a one-man street car; that the right front door of the car opened when the car stopped, and she immediately proceeded to get on the car by stepping from the concrete platform to the street-car step at the front door with her right foot, and she then raised her left foot from the platform in the act of stepping on the street-car platform which was only one step above the street-car step; that while she was thus in the act of stepping to the platform of the street car the car jerked quickly and without any warning, throwing the weight of her body upon her left foot and her ankle against the platform of the car, an iron railing on her left striking her left ankle, leg, and foot with such force that it caused very severe injuries to her left leg, ankle, and foot, disabling her from walking for a period of many weeks, destroying her ability to work for six months, and causing a permanent partial disability; that the defendant is subject to the jurisdiction of this court in this case; "that the defendant was a common carrier of passengers at the time and place the plaintiff was injured while boarding its street car;" that the defendant was liable by the law of Georgia to exercise extraordinary care for the protection of the plaintiff as a passenger at the time and place she boarded said street car and was injured; that her injuries were the direct and proximate result of the negligence of the defendant in the following particulars: in that the operator of the street car allowed or caused it to make a quick jerk while the plaintiff was boarding the car, having her right foot on the step of the street car, and stepping with her left foot from the concrete platform to the street-car platform; in that there was no need or necessity for the street car to jerk and injure her in the manner stated; in that she was given no warning or notice of any kind of said quick jerk of the street car; in that she was offered no assistance in boarding the car; in that the street-car operator was not looking toward the plaintiff or at the operation of the car at the time it gave the quick jerk and threw the plaintiff; in that the street-car operator failed to securely apply the brakes on the car at the time it stopped and the door opened

as an invitation to her to board the car; in that the street-car operator was talking to some one on the car at the time the plaintiff was hurt instead of keeping the car still and seeing that the passengers got on without injury; in that the defendant failed to furnish a sufficient number of men to operate the car and look after the passengers; in that the car was being operated by only one man who was charged with the duty of operating the car, collecting tickets and transfers, making change, issuing tickets and transfers, and all other duties customarily required of both a conductor and a motorman of a street car, and that the said duties were so numerous and varied that the operator did not have his mind on the operation and control of the car; in that the defendant failed to exercise extraordinary diligence in the particulars herein set out; that the plaintiff was boarding the street car in a careful and legal manner, and was powerless to prevent the injuries and damages caused her by the negligence of the defendant as set forth.

The defendant filed an answer admitting certain allegations, denying others, and alleging that for want of sufficient information it could not admit or deny the allegations of paragraphs 5, 6, and 9 of the petition which alleged that the defendant was subject to the jurisdiction of this court in this case and that the defendant operated street cars on street-railway tracks on Peachtree Street between Ellis and Cain Streets on or about 1:45 or 2 p. m. January 23, 1936. Among the paragraphs which were denied by the defendant was number 27 which alleged that the defendant was a common carrier of passengers.

The jury found in favor of the defendant, and the plaintiff moved for a new trial on the general grounds and on forty-eight special grounds. The motion was overruled, and the plaintiff excepted assigning error on the overruling of the motion on each and every ground.

■ Grounds 4, 9, and 10 of the motion complain of instructions to the jury which confined their consideration to the question of fact whether there was a sudden and unnecessary jerk of the car when the plaintiff was attempting to get on it. There was no error in this because the petition failed to show any causal connection between the injury to the plaintiff and the specifications of negligence other than allowing or causing a sudden movement

of the car. Nor was there any evidence that the injury to the plaintiff was due to any other act of negligence by the defendant.

■ Ground 5, which complains that the court charged the jury that there was no dispute under the evidence that the court had jurisdiction of the case as alleged in paragraph 5 by the plaintiff, and that there was no dispute in the evidence but that the defendant, as charged by the plaintiff in paragraph 27, was a common carrier of passengers, is without merit because the instruction was favorable to the plaintiff. The same may be said as to ground 8 in which complaint is made that the court designated the plaintiff as an "intended passenger," charging that she was entitled to extraordinary diligence from the defendant.

■ The court in charging as complained of in grounds 6 and 7 of the amended motion instructed the jury as to the rules with reference to determining the probative value of the evidence. The court was not attempting to instruct the jury as to the rules for determining the preponderance of the evidence, as laid down in Code, § 38-107. Therefore, the charge is not subject to the exception that it was error in that the court failed to instruct the jury as to all the rules relative to determining where a preponderance of the evidence lies.

■ The plaintiff predicated her case upon the alleged negligence of the defendant in starting the street car with a quick and unnecessary jerk, after the plaintiff had gotten upon the step of the car in an attempt to board it as a passenger, after the defendant had stopped the car and opened the door thereby inviting the plaintiff to board the car as a passenger, and that the plaintiff, by the jerk of the car, was thrown from the car, and received personal injuries as alleged. The plaintiff alleged specifically that the defendant was negligent in "that the operator of the defendant's street car allowed or caused the said car to make a quick jerk while plaintiff was boarding the same in the manner provided by law, having her right foot on the step of the street car; and was stepping with her left foot from the concrete platform to the street-car platform, throwing and injuring her in the manner described in this petition, in that there was no need or necessity for said street car to jerk and injure plaintiff in the manner stated; . . in that the defendant street-car operator caused the street car to give said quick jerk without any reason or necessity there-

for while plaintiff was actually boarding the same as a passenger in response to the invitation of the defendant corporation in stopping said street car and opening the door at said street-car stop; . . in that the defendant operator of said street car did not have the car under control in that he allowed or caused it to jerk quickly and suddenly and throw and injure plaintiff while she was boarding said street car at defendant's invitation." The defendant, in its plea and in its contentions under the evidence adduced, denied that the car made any jerk or movement whatsoever, and denied that the plaintiff was thrown from the car, but contended that the plaintiff stumbled and fell while she was running to board the car and before she came in contact with it, and that she fell into the open doorway of the car.

From an inspection of the petition it appears that the plaintiff alleged that the jerk of the street car which threw her was an unusual and an unnecessary jerk. Having alleged this, the plaintiff can not complain that the court in the charge to the jury committed error in instructing that it was necessary as a prerequisite to the plaintiff's right to recover that it must appear from the evidence that if there was a jerk, as alleged, it was an unusual and an unnecessary jerk in the operation of the street car. The charge of the court, which was as follows, was not error for any reason alleged: "If there was a jerk as alleged, it must also be made to appear from the evidence here that said jerk was an unusual and an unnecessary jerk in the operation of the car, and unless the plaintiff has established that by the evidence in the case, and unless you believe and conclude from the evidence in the case that there was a jerk of the street car as charged, and also that such jerk was both unusual and unnecessary at the time and place in question, then the law is with the defendant, and the plaintiff can not recover in the case. If there was a jerk, but such jerk was a usual and unavoidable incident to the operation of the car in question, or was necessary in the operation of the car in question, the plaintiff then would not be entitled to recover, and your verdict should be for the defendant. As to what the truth is now as to all these matters, is exclusively for your determination. If you find for the plaintiff, gentlemen, that there was a jerk, and further reach the conclusion, as contended by the plaintiff, that it was an unusual and unnecessary jerk, why then, gentlemen, you would

pass to the consideration of the other questions to which I will direct your attention. If, gentlemen, as contended by the defendant, you reach the conclusion that there was no jerk, the plaintiff can not recover. If there was a jerk, and you reach the conclusion, as contended by the defendant here, or as the law says, such jerk was a jerk that was merely usual and necessary and incident to the operation of the street car, why then, gentlemen, the plaintiff would not be entitled to recover. Now, gentlemen, if in considering these issues to this point, you have found for the defendant, you would stop your deliberations and return a verdict for the defendant. On the other hand, if in considering the case to this point, you have reached the conclusion that the contentions of the plaintiff with reference to these several matters are the truth, in that event you would pass to the consideration of the other instructions to be given you by the court. . . In the first place, the defendant contends that there was no jerk, and as I have already instructed you, if that contention is true, then there can be no recovery by the plaintiff. And, gentlemen, if there was a jerk, but it was necessary and incident to the operation of the car, and was not unusual, as contended by the defendant, then the plaintiff would not be entitled to recover. So, gentlemen, you see what the truth is."

■ The court in charging as complained of in ground 12 on the subject of extraordinary care failed to charge that the defendant would be liable if it failed to exercise such care. The inference is plain that the defendant would be liable for such failure, the court having charged that the defendant was "required" to exercise extraordinary care. Grounds 13 to 16 inclusive, 21, 25, 26, 37, 38, 40, 41, 42, 44, 45, and 46 do not require discussion. They do not show any error.

■ Ground 17 shows that the court charged the jury as follows: "The plaintiff contends that the defendant was guilty of negligence in all these particulars; the defendant denies it; the burden is on the plaintiff to establish it; and what the truth is, you determine." Standing alone this charge was error because susceptible of the construction that the burden was on the plaintiff to establish negligence in all the particulars alleged in the petition. In other parts of the charge, however, the court instructed the jury that the defendant would be liable if any one of the alleged acts of negligence was shown.

512

■ Grounds 18, 19, and 20 may be considered together. The court charged: "If, in considering the case to this point, you have found for the plaintiff on all the other issues, and you should here find as contended by the defendant, that the defendant was not guilty of any negligence in any of the particulars charged here, your verdict should be for the defendant." The court also charged: "Now, if you have, in considering the case, found for the plaintiff on the other issues, and further, in considering this issue, you reach the conclusion, as contended by the plaintiff that the defendant was negligent, and negligent in all, some, or any one of the particulars charged, then you would pass to the consideration of the question as to whether or not such negligence, if it existed, was the direct, proximate, and producing cause of injury or damage to the plaintiff. . . If you have found for the plaintiff on all the other issues but here you find for the defendant, that it was not guilty of any negligence that was the direct, proximate, and producing cause of any injuries that the plaintiff may have received, then your verdict should be for the defendant, and in that event you would have no occasion to prosecute your investigation further." The court also charged: "If you have heretofore, with reference to all these issues about which I have charged you, found for the plaintiff and reached the conclusion that the plaintiff was entitled to recover under these instructions and you further find here, with reference to this issue, that the defendant was negligent and that its negligence was the direct, proximate, and producing cause of injury and damage to the plaintiff, in that event the plaintiff, if injured or damaged, would be entitled to recover, unless barred of the right of recovery by her own conduct." These instructions are excepted to on the ground that they were confusing and misleading and did not state what issues were referred to in the expression, "on all the other issues." The jury was instructed that if no negligence of the defendant was the proximate cause of the plaintiff's injury there could be no recovery; that if the jury should find that the defendant was negligent such negligence should be the proximate cause of the plaintiff's injury; and that if the jury found this the plaintiff would be entitled to recover unless barred by her own conduct.

The exception to these charges as being erroneous in that it is not stated what issues were referred to in the expression "on all

the other issues," is without merit. In the court's charge, almost immediately preceding the excerpts above referred to, the court had called to the jury's attention in detail various alleged acts by the defendant which the plaintiff contended the defendant had committed and which the plaintiff had alleged constituted negligence. The court, after so instructing the jury, stated: "The plaintiff contends that the defendant was guilty of negligence in all these particulars; the defendant denies it; the burden is on the plaintiff to establish it; and what the truth is, you determine,  .  .  [and] if you have found for the plaintiff on all the other issues" then so and so. This expression "if you have found for the plaintiff on all the other issues," then so and so, was repeated in the various excerpts from the charge referred to. The only possible error arising out of the use by the court in the charge of "on all the other issues," without specifying what the other issues were, would be contained in that excerpt in which the court seems to have instructed the jury that in order for the jury to find a verdict for the plaintiff, after the jury had arrived at the conclusion that the defendant was negligent and that this negligence of the defendant was the proximate cause of the plaintiff's injury, the jury must find for the plaintiff "on the other issues." This was not harmful to the plaintiff in that the court did not in the charge specify what the other issues were, where the court had previously stated to the jury in detail the contentions of the plaintiff and the issues made by the pleadings. None of these excerpts from the charge, taken singly or collectively, is subject to the objection that the charge therein was confusing and misleading, and that it was not stated particularly what were the other issues referred to.

■ It was not error to charge the jury on the duty of the plaintiff to exercise ordinary care as complained of in grounds 23 and 24, the petition having alleged that the plaintiff was boarding the street car in a careful and legal manner, and the defendant having denied this allegation in its answer, and there being evidence from which the jury could have inferred that the plaintiff's own conduct caused her injury.

■ Grounds 28 to 36 inclusive allege errors in the charge relating to the amount of damages. Since the verdict was for the defendant these alleged errors are immaterial.

■ In ground 39 it appears that counsel for the plaintiff asked
■

her': "Whether you have been pointed out in a way by reason of your disability or the way you walk, due to this injury, by anybody." This was objected to as irrelevant and immaterial. The court ruled that the plaintiff could testify "as to how she does walk and all that, but what somebody said, I·sustain the objection to that." The plaintiff's attorney did not state what her answer to the question would have been. No error here appears.

■ Ground 43 complains that the court admitted testimony of the operator of the street car to the effect that when the door of a street car of the type that he was operating on that day is opened "it locks it up, and the car can't move until the air has been let off and you have got to hold the safety valve closed." The objection was that the question called for a conclusion by the witness, that the witness was incompetent to answer and was not shown to have been an expert, and that the testimony was with reference to what generally took place, and was not with reference to what took place on the particular occasion. This witness was shown to have had years of experience in operating street cars, and it was competent for him to testify what effect was produced by opening the door. The testimony was as to a fact and was not a mere conclusion. While the testimony had no reference to the particular car or ·the particular occasion, it did relate to cars of the character of the particular car in question. It was at least a circumstance from which the jury could infer that the particular car could not move when the door was open.

■ There was no error, as complained of in grounds 47 and 48, in·restricting the arguments of the plaintiff's counsel about the failure of the defendant to produce certain witnesses, it not appearing that the witnesses were known to the defendant, or that the defendant had the power to produce them. The court ruled that it was not the duty of the defendant, any more than of the plaintiff, to obtain the names of and produce witnesses. There was nothing in the arguments of the defendant's counsel on this matter which would require a reprimand from the court. There was no error in the court's overruling the motion of the plaintiff's counsel to·declare a mistrial.

13. The court did not err in overruling the plaintiff's motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*