41416. SECURITY DEVELOPMENT & INVESTMENT COMPANY v. WILLIAMSON.

Argued July 6, 1965—Decided October 22, 1965.

George S. Stern, Sidney I. Rose, for plaintiff in error.

Grant, Spears & Duckworth, William H. Duckworth, Jr., contra.

BELL, Presiding Judge. ■ The evidence is without conflict that Williamson never had individual possession of any of the money in question. Plaintiff based its contention that defendant was liable on the theory that defendant was a joint venturer with Walter Kraus, the person to whom plaintiff's check was made payable and to whom the check was sent. Whether the evidence demanded a finding that defendant and Kraus were joint venturers is the only substantial issue for consideration under the exceptions to the judgments denying plaintiff's motion for judgment n.o.v. and motion for new trial on the general grounds.

"Broadly, there is a joint enterprise or adventure when two or more combine their property or labor, or both, in a joint undertaking for profit, with rights of mutual control, provided the arrangement does not establish a partnership." *Atlanta Metallic Casket Co. v. Southeastern Wholesale Furn. Co.*, 82 Ga. App. 353, 358 (61 SE2d 196); *Bowman v. Fuller*, 84 Ga. App. 421, 425 (66 SE2d 249). There must be not only a joint interest in the objects and purposes of the undertaking, but also a right, express or implied of each member of the joint venture to direct and control the conduct of the other. See *Holland v. Boyett*, 212 Ga. 458 (1) (93 SE2d 662); *Healan v. Huff*, 81 Ga. App. 202, 205 (1) (58 SE2d 500); 30 Am. Jur. 945, Joint Adventures, § 10.

On both sides of the case, there is evidence to show that Kraus was to obtain the loan in New York by his own efforts and devices without assistance or direction by defendant, which indicates that defendant was acting in the posture of a mere intermediary between Kraus and plaintiff. There is no uncontradicted evidence in the record to show that there was any valid express agreement of any kind between Kraus and defendant.

The jury was authorized to find that there was no joint venture, but that defendant was acting as a mere agent of Kraus or as plaintiff's agent or as the agent of both at different times.

The trial court did not err in denying plaintiff's motion for judgment n.o.v. and the motion for new trial on the general grounds.

■ Special ground 1 of the motion for new trial assigns error upon the court's refusal to admit certain evidence. This evidence consists of part of a written agreement between plaintiff and Kraus and Williamson, which plaintiff made the basis of its original petition and which the record discloses was held by the trial court to be void and unenforceable. The court admitted part of the instrument into evidence only for the purpose of proving the existence of a joint venture, and excluded the remainder.

The evidence so rejected was irrelevant to the issues in the case, or if relevant, it tended to prove only facts which were admitted or fully established by other evidence. There was no error in refusing to admit the evidence rejected according to this ground of the motion for new trial. *Code* § 38-201; *Mitchell v. Gay,* 111 Ga. App. 867, 873 (143 SE2d 568) and citations. The portion of the writing excluded from evidence would not tend to prove the existence of a joint venture as plaintiff contends.

■ Special ground 2 of the motion for new trial assigns error upon the following portion of the court's instructions to the jury: "If you find that there was no joint adventure between Williamson and Kraus and that Williamson did not have the right of mutual control and that he did no act in the furtherance of obtaining the commitment, which was the purpose for which the money was deposited, then you should find for the defendant, Williamson."

Plaintiff contends that the charge was confusing and misleading because it indicated that the defendant must have done some act in furtherance of the purposes of the joint venture in order that the relationship exist.

"Although the trial court may have erred, the error will not require reversal if the charge was harmless to the complaining party and could not have misled the jury. *Dever v. Akin,* 40 Ga. 423, 429; *Kimball v. State,* 63 Ga. App. 183 (6) (10 SE2d 240); *Sutton v. Ford,* 144 Ga. 587, 591 (87 SE 799, LRA 1918D

561, AC 1918A 106), and cases cited; *Neville v. National Life &c. Ins. Co.*, 36 Ga. App. 8, 10 (135 SE 315), and cases cited. In determining whether the error was harmful, the court must consider the charge as a whole and each part in connection with every other part of the charge. See *Cox v. State*, 64 Ga. 375, 377; *Mendel v. Pinkard*, 108 Ga. App. 128, 134-135 (132 SE2d 217), and cases cited." *Scholle Atlanta Corp. v. Nealy*, 110 Ga. App. 775, 778 (140 SE2d 88).

The effect of the charge complained of in this ground of the motion for new trial was to authorize a verdict for defendant if the jury found both that there was no joint venture and in addition, that defendant had performed no act in furtherance of obtaining the commitment. It did not impose upon plaintiff the burden of proving that defendant had performed some act in furtherance of obtaining the commitment in order to establish the existence of a joint venture. More likely, it implied to the jury that they could find a verdict for plaintiff, even though there was no joint venture, if defendant had performed any act in furtherance of obtaining the commitment.

Elsewhere in the charge the court amply defined for the jury the meaning of "joint venture." In view of these other instructions, we do not think the charge objected to misled or confused the jury. If it did tend to mislead the jury, it could not have done so in a manner prejudicial to plaintiff.

*Judgment affirmed. Frankum and Hall, JJ., concur.*