27289. SPEED OIL COMPANY OF CALHOUN *v.* JONES.

DECIDED MARCH 8, 1939.

*Williams & Freeman,* for plaintiff in error.
*J. H. Paschall, R. F. Chance,* contra.

FELTON, J. Floyd Jones sued Speed Oil Company of Calhoun and Alton Patterson, for damages to the automobile of the plaintiff, the petition alleging in substance that Speed Oil Company was the owner and operator of a filling station in Calhoun, Georgia, and was engaged in selling petroleum products and certain services including washing and greasing automobiles; that plaintiff delivered his car to Speed Oil Company for the purpose of having it washed and greased; that, as an extra service and as a special inducement to its customers, the defendant company would cause to be delivered back such automobiles as were left with it, after having washed and greased them; that in the process of delivering petitioner's automobile, the agent or servant of the defendant, while running at an excessive, dangerous, and reckless rate of speed of about sixty miles per hour, attempted to pass a vehicle operated by Alton Patterson, the other defendant, who was traveling in the same direction, and that the defendant company, acting through its agent, while running at an excessive, dangerous, and reckless rate of speed, ran on to and against the car operated by the other defendant; that if the servant of the defendant company had not

been driving at such a fast, dangerous, and reckless rate of speed he could have kept said car under control and avoided the accident, and that the negligence of the company in allowing its servant to drive the car at the speed of sixty miles an hour and not keeping said car under control was the direct and proximate cause of the collision and resulting damages; that at the point of collision there was a populous community; that as the company was delivering his automobile, the defendant Patterson, was traveling in the same direction immediately in front of petitioner's car; that Patterson was driving at a rate of about twenty miles per hour, and when petitioner's car overtook and attempted to pass Patterson, Patterson turned to his immediate left across the highway and in front of petitioner's car, without any signal or warning of his intention to do so, and causing petitioner's car to crash into and collide with Patterson's car; that the defendant company was negligent in permitting its agents to operate his car in a thickly populated community at the speed of sixty miles per hour, in excess of the speed limit and in violation of the laws of Georgia; also in permitting its servant to drive said automobile without his consent at a reckless rate of speed, in not keeping the said automobile in a safe place, in permitting it to be driven without his consent or knowledge at the rate of sixty miles an hour, and in wrecking and damaging the automobile while it was in the custody of the company as bailee. That the defendant Patterson also was negligent in turning his said automobile immediately to the left and in front of petitioner's car, causing petitioner's car to crash into and against his car, and in not signalling or warning the driver of petitioner's car that he intended to turn to the left and across the highway; that the negligence of the defendants was the sole, direct, and proximate cause of the damages sustained by petitioner, and that he was free from fault, etc. The demurrers of Speed Oil Company, on the grounds that the petition showed on its face that the sole proximate cause of the injuries was the fault of the driver Patterson, and that there was a misjoinder of causes of action, were overruled, and Speed Oil Company excepted.

1. There was no misjoinder of causes of action. The agreement to redeliver the car was a part of the contract of bailment, and its driver was the agent of the bailee. "When a transaction partakes of the nature both of a tort and a contract, the party com-

plainant may waive the one and rely solely upon the other." Code, § 105-105. If it is true that this rule would not apply where the injury was the result of a breach of an express term of the contract, such is not the case here. See *Fain* v. *Wilkerson*, 22 *Ga. App.* 193 (95 S. E. 752).

2. The allegation that Patterson's turning across the highway without warning *caused* petitioner's car to collide with Patterson's car, in view of the amendment alleging that if petitioner's car had not been operated at such a fast and reckless speed it would have been kept under control and the driver could have avoided the collision, can not be construed to allege that Patterson's negligence was the sole proximate cause of the collision. The allegation that the driver of petitioner's car could have avoided the collision distinguishes this case from *Wright* v. *Shirley*, 46 *Ga. App.* 655 (168 S. E. 915), so strongly relied on by plaintiff in error. It is not contended that the speed of petitioner's car was a concurrent cause for the reason that it placed the car at the location of the collision at the time of the collision. It is alleged as a concurrent cause solely for the reason that it is contended that the driver's alleged negligence placed him in a position of not being able to protect petitioner's car from the negligence of another, which is quite a different thing. It can not be said, as a matter of law, that the negligence of the driver of the car with which petitioner's car collided was the sole proximate cause of the injury. Negligence and what constitutes the proximate cause are always questions for the jury except in plain and indisputable cases.

There was no error in overruling the demurrers to the petition as amended.

*Judgment affirmed.* *Stephens, P. J., and Sutton, J., concur.*