33877. PARKS *v.* STEIN STEEL & SUPPLY COMPANY.

Decided February 1, 1952.

308

*George T. Manley, Frank A. Bowers,* for plaintiff.
*Fine & Efurd,* for defendant.

GARDNER, J. ■ While it is true that "All persons who are interested in sustaining or reversing the judgment of the court below are indispensable parties in the Supreme Court and Court of Appeals, and they must be made parties to the bill of exceptions" (*Edwards* v. *Wall,* 153 *Ga.* 776, 113 S. E. 190), this rule is on the theory that they are interested in sustaining or reversing the judgment excepted to; but where, as here, there is a suit

against two defendants, charging separate acts of negligence as to each, and one of the defendants demurs on the ground that it appears affirmatively from the petition that the plaintiff's damage was the result of the negligence of the other defendant and not of the demurrant, and the trial court sustains this demurrer on that ground and dismisses the case as to that defendant, and the case remains in court as to the other defendant, who did not demur, and where the plaintiff excepts directly to the judgment sustaining said demurrer and in the bill of exceptions to this court the defendant who did not demur and against whom the case was not dismissed, but is yet pending in the trial court, was not made a party defendant in error, such defendant is not an indispensable party defendant in error in this court, not being interested in sustaining or reversing the judgment of the trial court. The failure of the plaintiff in error to make him a party defendant in error will not authorize a dismissal of the bill of exceptions. *Edwards* v. *Wall*, 153 *Ga.* 776, supra; *Teasley* v. *Cordell*, 153 *Ga.* 397 (112 S. E. 287); *Anderson* v. *Haas*, 160 *Ga.* 420 (128 S. E. 178).

There is nothing in the case of *Tillman* v. *Davis*, 147 *Ga.* 206 (93 S. E. 201), to the contrary of what we now rule. That case was an action against several defendants, and a general demurrer was interposed by some of them, which demurrer went to the substance of the whole petition and challenged the plaintiff's right to any relief, thus enuring to the benefit of all the defendants. The demurrer was sustained and the petition dismissed as to all the defendants. The plaintiff, complaining of the judgment sustaining the demurrer, sued out a writ of error to the Supreme Court, but he did not make the non-demurring defendants parties thereto, nor were they served with the bill of exceptions, nor did they acknowledge and waive service thereof. Those non-demurring defendants in the *Tillman* case were interested in retaining the judgment of the trial court in its existing status. With that judgment extant there was no case in the trial court in favor of the plaintiff against any of the defendants. The Supreme Court there held: "Where the judge sustains such demurrer and enters an order dismissing the whole case, such dismissal enures to the benefit of all the defendants, and they become interested in sustaining the judgment; and if

the plaintiff desires to except to the ruling, it is essential that he make all of the defendants in the trial court defendants in error and serve them with a copy of the bill of exceptions, and a failure to do so will require a dismissal of the writ of error." *Tillman* v. *Davis,* supra, citing *U. S. Leather Co.* v. *First National Bank,* 107 *Ga.* 263 (33 S. E. 31); *Davis* v. *Walters,* 140 *Ga.* 229 (78 S. E. 838). The *Tillman* case is entirely different from the case at bar. That difference is in a very vital and material aspect. The non-demurring defendant here was not necessarily interested in sustaining the judgment of the trial court, whereas in the *Tillman* case they were directly interested in sustaining such judgment. The petition had not been dismissed as to him, but there was pending in the trial court an action for damages by the plaintiff against him. The demurrant (Stein Steel & Supply Company) in the trial court had attacked the plaintiff's petition as not setting forth a cause of action against it, for the reason that it affirmatively appeared from the face of the petition that the proximate cause of the plaintiff's injuries was the acts of negligence of the defendant Reeves. The trial judge in sustaining this demurrer ruled: "This court is of the opinion that no cause of action is set out against the defendant Stein Steel & Supply Company, and that the petition clearly shows that the proximate cause of plaintiff's injuries was the act of negligence of the other defendant" Reeves, and the demurrer "is hereby sustained and the petition as to. the Stein Steel & Supply Company . . is hereby dismissed."

It follows that the motion of the defendant in error to dismiss this bill of exceptions is without merit and the same is hereby denied.

■ We come next to consider whether the allegations of the defendant in error here as to its negligence in the premises presented a jury question regarding the allegations of negligence. The plaintiff charges that the driver of the corporate defendant's truck was operating the same on Decatur Street, meeting the plaintiff who was likewise driving his automobile along Decatur Street in the opposite direction; and that there were automobiles parked along both sides of Decatur Street at this point, and there was barely enough width for two lanes of vehicular traffic, and when the truck reached a point where it would ordinarily

pass by the plaintiff's car proceeding in the opposite direction, the driver of the truck suddenly, and without any warning to the plaintiff, turned the truck sharply to his left and directly into the plaintiff's automobile, causing the same to be thrown against another car and to be damaged as alleged. There is an ordinance of the City of Atlanta (Code, City of Atlanta, sec. 88-916), which is set up by the plaintiff, providing that, "Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway"; and it is charged that the driver of the truck did not so drive the truck in accordance with the provisions of this ordinance, and that the corporate defendant was thereby negligent per se. The petition set up that this defendant corporation was also negligent, in that the driver of the truck failed to warn the plaintiff that he was about to suddenly turn to his left and in front of the plaintiff, and in failing to apply his brakes before striking the plaintiff's car. It is true that the petition also alleges that the defendant Reeves suddenly drove out directly in front of the oncoming truck and in the same traffic lane, which was a question of negligence. Questions of negligence, proximate cause, and what negligence, as well as whose negligence, caused the injury, are for the jury and not law questions for the court, except in plain and unmistakable cases. See *Speed Oil Co. of Calhoun* v. *Jones*, 59 *Ga. App.* 625, 627 (1 S. E. 2d, 760); *Tybee Amusement Co.* v. *Odum*, 51 *Ga. App.* 1 (3) (179 S. E. 415). The petition does not show, as a matter of law, that the proximate cause of the injury to the plaintiff's automobile was the alleged negligence of the defendant Reeves in driving his car out from the curb without warning, directly in front of the truck, thereby causing the truck to turn to the left to avoid striking the same and to strike the plaintiff's car. A jury may be authorized to find, under the evidence, that the defendant corporation was negligent as alleged. The case against the corporation as alleged in the petition is not such a plain and indisputable one as can be solved by the court as a matter of law on demurrer; but the petition raises questions for determination by the jury under proper instructions from the court. See *Bozeman* v. *Blue's Truck Line*, 62 *Ga. App.* 7 (7 S. E. 2d, 412); *Tallman* v. *Green*, 74 *Ga. App.* 731 (41 S. E. 2d, 339). It cannot be held as a matter of law that the sole proximate

cause of the damage to the car of the plaintiff was the act of Reeves in driving his car out from the curb in front of the truck.

Applying the foregoing rulings, the petition did not affirmatively show that the proximate cause of the damage to the automobile of the plaintiff was the negligent acts of the defendant Reeves, and the trial court erred in so ruling and in dismissing the petition as to the defendant, Stein Steel & Supply Company.

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concur.*