34367. ARCHER *v.* ARISTOCRAT ICE CREAM CO. *et al.*

568

Decided January 24, 1953—Rehearing denied February 12, 1953.

*Maddox & Maddox,* for plaintiff in error.

*Tom Willingham, John M. Slaton, Wright, Rogers, Magruder & Hoyt, Parker, Clary & Kent,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ One ground of general demurrer is to the effect that the petition sets out no cause of action, since it affirmatively shows that the driver of the car in which the plaintiff was riding could have avoided the collision by the exercise of ordinary care. Conceding this to be so, it nevertheless does not bar the plaintiff from recovery unless such negligence is imputable to him. *Mayor &c. of Savannah* v. *Waters,* 27 *Ga. App.* 813 (1) (109 S. E. 918). It is here contended that the defendant sheriff and the plaintiff, his deputy, were engaged in a joint enterprise, by reason of which fact any negligence on the part of the sheriff is imputable to the plaintiff as a matter of law. As to what constitutes a joint enterprise, it was held in *Fuller* v. *Mills,* 36 *Ga. App.* 357 (1) (136 S. E. 807): "A joint enterprise by two persons riding in an automobile along a public highway, the engagement in which will impute the negligence in operating the automobile of one of the persons, who is the driver, to the other person, must be a joint enterprise in controlling, directing, and governing the operation and running of the automobile, and not merely a joint interest in the objects and purposes of the trip."

The petition alleged sufficient facts to show that the car was jointly owned by the plaintiff, the defendant and another in connection with the operation of the sheriff's office at the time of the collision, and that the sheriff, the head of that office, was

at the wheel, and the plaintiff, who was under his direction, supervision and control, was seated therein as a passenger. Sheriffs have the power of appointing and discharging deputies at their pleasure. Code, § 24-2811; *Beaty* v. *Burch*, 43 *Ga. App.* 832 (160 S. E. 654). Where the sheriff and deputy are both present and engaged in the performance of the duties of the sheriff's office, the former is in charge of the entire operation, and the deputy is his agent in effecting the proper discharge of such duties. Were the facts the other way around, i.e., the deputy driving at the command of the sheriff and in accordance with his instructions, the doctrine of respondeat superior would apply, for the same elements of control and supervision are present in the relation of a sheriff and his deputy as in those of a road supervisor and his subordinate, the doctrine having been applied in the latter instance. See *Mathis* v. *Nelson*, 79 *Ga. App.* 639 (54 S. E. 2d, 710). This being so, it would not matter whether the mere legal title to the vehicle in question was in the county, or in the sheriff, or shared by the sheriff and his deputies jointly.

There is no right inherent in the office of sheriff permitting such officer to travel at the excessive speed of 80 miles per hour, in violation of law, on a crowded highway where motorists, at a rush hour, are constantly turning into and out of driveways. It is not alleged that the trip in question constituted an emergency call under Code (Ann. Supp.) § 68-301(d) so as to relieve the officer from observing traffic regulations. Nevertheless, the violation was that of the sheriff, and the plaintiff deputy, being under his control in the exercise of the official business for which the car was purchased, cannot be said to share equally in controlling, directing and governing the operation of an automobile engaged in such business so as to convert the relationship into a joint enterprise and thereby impute the defendant's negligence to the plaintiff.

■ Other grounds of demurrer contend that the petition affirmatively shows that any negligence on the part of the driver of the defendant company's truck did not contribute to the collision, the sole proximate cause thereof being the negligence of the defendant Johnson. One of these grounds is a speaking demurrer, in that it attempts to show mathematically that the

182½ foot skid of the defendant, plus reaction time for putting on brakes and distance traveled during such reaction time at the speed alleged, proves that if he had been observing the speed limit, Johnson could have stopped the car without colliding with the truck after he observed the truck commencing the left turn. This is not a subject for judicial notice, but a matter for proof upon the trial of the case.

Code § 68-303 (f) provides as follows: "An operator intending to start, to stop, or to turn his vehicle to the left or right shall extend the hand and arm horizontally from and beyond the left side of the vehicle." Although the petition alleges in the alternative "that the truck of said defendant ice cream company was driven on its left and across said highway without the giving of any signal of intention to do so, *or if said signal was given,* on account of the construction of said truck and the body thereof, it could not be seen by persons operating from the rear," which allegation must be given the construction most unfavorable to the pleader, either of the alternatives alleged would nevertheless constitute a violation of this Code section, since the arm must be extended *"beyond* the left side of the vehicle." The petition thus alleges negligence per se in the operation of the company truck. Whether such negligence, in failing to signal a left turn, is a proximate concurring cause of injury to a guest riding in an automobile which is attempting to pass such vehicle at an excessive rate of speed is a jury question. *Speed Oil Co. of Calhoun* v. *Jones,* 59 *Ga. App.* 625 (1 S. E. 2d, 760). See also *Parks* v. *Stein Steel & Supply Co.,* 85 *Ga. App.* 306 (2) (68 S. E. 2d, 919) ; *Brady* v. *Fruehauf Trailer Co.,* 63 *Ga. App.* 50 (10 S. E. 2d, 133) ; *Eidson* v. *Felder,* 68 *Ga. App.* 188 (2) (22 S. E. 2d, 523). It is incumbent upon one who violates traffic laws and regulations to anticipate that others, like himself, might also disobey the same laws. *Williams* v. *Grier,* 196 *Ga.* 327, 338 (26 S. E. 2d, 698). Whether or not this defendant failed to give a proper signal, as well as whether or not the failure to do so was a contributing proximate cause of the collision, are jury questions. *Georgia Power Co.* v. *Blum,* 80 *Ga. App.* 618 (2) (57 S. E. 2d, 18).

Since the negligence of the sheriff defendant cannot be imputed to the plaintiff, his deputy, and since the petition alleges

sufficient acts of negligence against the defendant in error to state a cause of action against it, the trial court erred in sustaining the demurrer and dismissing the petition.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*