68871. ALVAREZ v. THE STATE.
(323 SE2d 898)

McMURRAY, Chief Judge.

Defendant was convicted of the offenses of aggravated assault upon a peace officer and escape while armed with a dangerous weapon, although the jury returned a verdict of not guilty of two counts of burglary, kidnapping and another count of aggravated assault upon a peace officer. A motion for new trial based upon the general grounds was filed, heard and denied. Defendant appeals. *Held:*

Based on *Bethay v. State*, 237 Ga. 625 (229 SE2d 406), and Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493), defendant's appointed counsel has moved to withdraw from the case on appeal, contending the same is wholly frivolous. Counsel also properly filed a brief, raising any possible point of law which might be considered arguably in support of an appeal. Additionally, counsel served upon the defendant a copy of the motion to withdraw and the brief which counsel filed in this court. As required by the decision in *Bethay*, we have fully examined the record and transcript to determine whether, in fact, the appeal is frivolous, and finding it so, counsel was granted permission to withdraw.

Appointed counsel, in his brief, set forth it could be argued that

the police had no probable cause to make the arrest of the defendant in the first instance due to the fact the jury "believed there was in fact no evidence of a burglary being committed at the time of the arrest," thus the evidence may have been insufficient to support the conviction as to the counts of escape while armed with a dangerous weapon and aggravated assault upon a peace officer inasmuch as his arrest was illegal. In addition, the defendant, upon being advised of the intention of his counsel to be relieved, has filed briefs and enumeration of errors as to his grounds of appeal in which he contends his arrest was void, i.e., the police had no probable cause to arrest him and, thus, he had a right to resist. He seeks to raise irregularities in the arrest, delay in arraignment, and false imprisonment. Therefore, in reviewing the case, we will consider each of these alleged errors with reference to his appeal.

We do not agree with counsel or the defendant that the police officers lacked probable cause to make an arrest. The defendant was observed inside the service station with defendant's van located on the service station property at a time when it was closed, albeit the jury did not convict him of the two counts of burglary, kidnapping and aggravated assault upon the other police officer. After his arrest, he made an escape while armed with a dangerous weapon, and the evidence was sufficient to show that there was an aggravated assault upon the police officer. Applying the standard prescribed in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), after further examination of the record and transcript, we are satisfied that the evidence was sufficient to enable a rational trier of fact, in this case the jury, to find the defendant guilty of the offenses of aggravated assault upon a peace officer and escape while armed with a dangerous weapon beyond a reasonable doubt, even though the evidence at trial was conflicting as to whether or not he was guilty of the offense of burglary (being observed inside the service station shortly before his arrest) although he was outside the service station building at the time of his arrest. See *Mullis v. State*, 248 Ga. 338 (1) (282 SE2d 334); *Newberry v. State*, 250 Ga. 819, 820 (1) (301 SE2d 282). The testimony offered by the State clearly shows the police officers had probable cause to make the arrest (even though the jury did not convict him of burglary), and the same was not illegal so as to void the subsequent armed attack upon the police officer and the escape while armed with a dangerous weapon. With reference to the other questions, the irregularities in the arrest and arraignment, the record does not support the claims of the defendant.

Defendant contends that he was denied effective assistance of counsel because his counsel failed to file any pre-trial motions and failed to properly prepare for trial. Decisions as to what motions to file and what witnesses to call are the exclusive province of the lawyer

after consultation with his client. *Jackson v. State*, 167 Ga. App. 509, 510 (306 SE2d 757). The record reflects that defendant was effectively defended at trial. The record does not suggest that defense counsel, who raised objections on various issues as to the evidence during the presentation of the State's case, vigorously cross-examined the State witnesses and elicited the testimony of defendant, was in any way unprepared. See *Helton v. State*, 166 Ga. App. 662, 665 (3) (305 SE2d 592). Having examined each and every claim of error by the defendant and his counsel prior to being relieved, we find no merit.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 15, 1984.

Angel Alvarez, *pro se.*
*H. Lamar Cole, District Attorney,* for appellee.