## 73867. VEIT v. THE STATE.
(357 SE2d 113)

PER CURIAM.
Terry M. Veit, appellant, was indicted on charges of arson, damaging government property (a police vehicle), simple battery, and reckless endangerment of his two-and-one-half-year-old daughter. Late on the afternoon of April 16, 1985, Ken Bruce, a Gordon County

volunteer fireman, saw smoke arising from the nearby residence of Veit. He notified the fire department and proceeded to Veit's home, a camper to which an additional room had been constructed. He saw Veit and his daughter about 15-20 feet from the burning structure. Bruce asked Veit what happened and was told: "I just got tired of it . . . so I set fire to it." Veit lay down on the ground, shouting: "Let it burn, let it burn." Bruce smelled the odor of alcohol on Veit's breath and asked him if anyone was in the building or if there was a gas tank. Veit said no one was in the building and there was a propane gas tank. Bruce asked him to step back from the burning structure for his safety and his child's safety. Veit told him he "didn't have no business on his damn property . . . [and] I had better get my damn a-- off his property." Bruce went to a neighbor's house and asked his dispatcher to send a police officer to that location.

A fire engine and Deputy Sheriff Larry Miolen arrived a few minutes later. Bruce told Miolen there was a propane gas tank in the burning structure. Miolen saw Veit and his child close to the burning building and asked appellant "if he would, to step back from the residence and get the child away from there." Veit moved back one step and Miolen again asked him to step back further. Veit told Miolen: "I'm not going any g-- d--- where . . . You s-- of a b----. I'm not moving without a warrant." Miolen testified that at that time Veit turned toward him, kicked him in the shin and spit in his face. Miolen placed Veit under arrest and took one arm and forced it behind his back. Veit was holding his child with the other arm. Veit was placed in the back seat of the police vehicle. Veit said Miolen forced his head into the door and cut it. Miolen saw Veit kicking the interior of the police car, the windows and the doors.

Miolen testified he asked Veit to move back from the fire because of his proximity to the structure and the fact that the propane gas tank could have exploded. Miolen had received specialist training involving fires in which gas tanks were involved and recently had been involved in a fire in which a propane gas tank had exploded and seriously injured a person. The deputy was of the opinion that the child was endangered because of her nearness to the burning structure which contained a propane gas tank.

Deputy Sheriff Patterson went with Miolen to transport Veit to the jail. Both officers testified that Veit threatened to "burn and bomb" their homes when they and their families were in them. Veit admitted he had been drinking and that he had told the fireman that he set the camper on fire. However, at trial he said he had only four beers, and it was an accident that caused his camper to catch on fire. He contended the volunteer fireman and the deputy sheriff had tried to take control of him on his private property and he resented that. He was of the opinion that there was no danger to himself or his

daughter as the propane gas tank was empty and open. He admitted he "might have kicked" Miolen, but denied spitting on him.

The trial court directed a verdict of acquittal on the count alleging damage to government property, and the jury acquitted appellant of the arson and reckless endangerment counts. Appellant brings this appeal from the jury verdict of guilty as to the counts alleging simple battery and terroristic threats. *Held:*

Appellant is appearing pro se and has disregarded the Rules of this court. He has listed nine "grounds" for appeal, and each "ground" contains from one to four enumerations of error. See *MacDonald v. MacDonald*, 156 Ga. App. 565 (1) (a) (275 SE2d 142). In essence, appellant complains of ineffective assistance of counsel at trial, insufficiency of the evidence, variance of the evidence, the charge of the jury, and failure of the trial court to hold a pre-sentence hearing in which he could present evidence in mitigation and extenuation.

1. When viewed in the light favorable to the verdict, as an appellate court is required to do, the evidence recited above is sufficient to enable any rational trier of facts to find the existence of the offenses of simple battery and terroristic threats, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The thrust of appellant's claim of ineffective assistance of counsel is that he was illegally arrested, his resistance to the illegal arrest was legally permissible but resulted in the charge of simple battery, and that all evidence following his illegal arrest was inadmissible, and his counsel was ineffective because he did not get such evidence excluded.

The threshold issue is whether a deputy sheriff is authorized to go upon private property and direct the owner to move back from a burning building, when the deputy has been made aware of the possibility of an explosion, and in his opinion the safety of a two-and-one-half-year-old child was unnecessarily endangered because of her proximity to the burning structure.

" 'All property is held subject to the police power of the State. . . . The due-process clauses are not intended to limit the right of the State to properly exercise the police power in the enhancement of public safety. . . . The police power has never been surrendered by the State . . . [and] to the exercise of police power all rights of natural persons and corporations are subject.' *Atlantic C.L.R. Co. v. State*, 135 Ga. 545, 557 (69 SE 725)." *McCoy v. Sanders*, 113 Ga. App. 565, 569 (148 SE2d 902). "The term 'police power' connotes the time-tested conceptional limit of public encroachment upon private interests. Except for the substitution of the familiar standard of 'reasonableness,' this Court has generally refrained from announcing any specific criteria. The classic statement of the rule in *Lawton*

*v. Steele*, 152 U. S. 133, 137 (1894), is still valid today: 'To justify the State in . . . interposing its authority in behalf of the public, it must appear, first, that the interests of the public . . . require such interference; and, second, that the means are reasonably necessary for the accomplishment of the purpose, and not unduly oppressive upon individuals.' " *Goldblatt v. Hempstead*, 369 U. S. 590, 594-595 (82 SC 987, 8 LE2d 130). One legal maxim which is embodied within the concept of "police power" and which we should consider in addressing this enumeration is "sic utere tuo ut alienum non laedas" (so use your own property that you do not injure that of another). *Crowley v. Christensen*, 137 U. S. 86, 90 (11 SC 13, 34 LE 620).

Hence, it is axiomatic that the State under its police power can enact laws in the interest of public health, safety, and welfare; also, that like powers can be granted to a municipality and a county. *Vinson v. Home Bldrs. Assn. of Atlanta*, 233 Ga. 948, 949 (213 SE2d 890). Each county in Georgia has been delegated the authority to elect or appoint peace officers (OCGA § 36-8-1), whose duties and authority include enforcement of criminal and traffic laws, and "preservation of public order, the protection of life and property, and the prevention, detection, or investigation of crime." OCGA § 35-8-2 (8) (A). "The inherent police power of the state extends to the protection of the lives, health and property of the citizen, and to the preservation of good order and public morals and is not subject to any definite limitations, but is coextensive with the necessities of the case and the safeguard of public interest." *Pope v. City of Atlanta*, 242 Ga. 331, 333 (249 SE2d 16), cert. den. 440 U. S. 936; see also *Morris v. City of Columbus*, 102 Ga. 792, 797-798 (30 SE 850).

It was the intent of the General Assembly that the office of sheriff be the basic law enforcement office of the counties of this state. OCGA § 15-16-1 (a). "The office of sheriff carries with it the duty to preserve the peace and protect the lives, persons, property, health, and morals of the people." *Elder v. Camp*, 193 Ga. 320 (5) (18 SE2d 622). A deputy sheriff is an agent of the sheriff and in effecting the proper discharge of his duties is empowered with the same duties and powers. See OCGA § 36-8-5; *Archer v. Aristocrat Ice Cream Co.*, 87 Ga. App. 567, 570 (74 SE2d 470).

Deputy Sheriff Miolen, after arriving at the scene of the fire in the instant case, and seeing it burning adjacent trees, and being reliably informed by a fireman that the burning structure contained a propane gas tank, and seeing a man who had the odor of alcohol on his breath, holding a two-and-one-half-year-old child, in proximity to the burning structure, was reasonably justified in assuming that the child was unnecessarily endangered, and that he was authorized as a peace officer of the county to request or direct that Veit remove himself and his child to a safer distance.

The reasonable intrusion by the peace officer being justified and his authority to protect the lives, persons, property and health of the public being invoked, his direction to Veit to move away from his proximity to the burning building and possible explosion was lawful, and the jury was authorized to believe that the officer was assaulted prior to any arrest of the individual, or that the physical assault by kicking and spitting was not authorized resistance to an unlawful arrest.

A warrantless arrest is authorized if any crime is committed in an officer's presence or within his immediate knowledge. OCGA § 17-4-20. Whether such an arrest violates the statutory authorization depends upon whether at the time of the arrest the officer had probable cause to make it. Here the officer was assaulted while in the execution of his office, and when making the arrest was in the lawful discharge of his office. *Whaley v. State*, 175 Ga. App. 493 (333 SE2d 691). Hence, physical resistance to a legal arrest was not authorized. See *Davis v. State*, 172 Ga. App. 193 (1) (322 SE2d 497); *Mullis v. State*, 196 Ga. 569 (3) (27 SE2d 91).

Because Deputy Miolen was authorized to go upon the land of appellant and to direct him to remove himself and his child to a safer distance from the burning structure, and was authorized to make a warrantless arrest of appellant following his assault, evidence following this legal arrest was admissible. Appellant had raised the issue of ineffective assistance of counsel in his amended motion for new trial and it was denied. The constitutional right to effective assistance of counsel insures " 'not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance.' " (Emphasis omitted.) *Pitts v. Glass*, 231 Ga. 638, 639 (203 SE2d 515). " 'When inadequate representation is alleged, the critical factual inquiry ordinarily relates to . . . whether the defendant had a defense which was not presented; whether trial counsel consulted sufficiently with the accused, and adequately investigated the facts and the law; whether the omissions charged to trial counsel resulted from inadequate preparation rather than from unwise choices of trial tactics and strategy.' " *Austin v. Carter*, 248 Ga. 775, 779 (285 SE2d 542). Our thorough review of the record reveals none of the deficiencies cited. To the contrary, the record reflects the appellant was effectively defended at trial, counsel securing acquittal on three out of five counts. This enumeration is without merit. *Alvarez v. State*, 172 Ga. App. 602, 604 (323 SE2d 898).

3. Veit argues that there is a variance in the proof adduced at trial and the "warrant affidavit." The record does not contain the warrant or its affidavit. However, assuming arguendo that the affidavit did state that the arrest preceded appellant's alleged assault upon Deputy Miolen, this inconsistency goes only to the credibility of the

affiant. The indictment charged only that the physical assault by kicking and spitting occurred. The testimony of the officer at trial supported that allegation. Any inconsistency in a former statement by the officer would have been admissible for impeachment purposes, but there is no fatal variance between the allegata and probata.

4. Appellant contends the court's charge on intent is burden shifting. The court charged: "I charge you that intent or criminal negligence to commit the crime charged in the indictment are essential elements the State must prove beyond a reasonable doubt. . . . A person will not be presumed to act with criminal intention, but the tryor [sic] of facts; that is, the jury, may find such intention upon consideration of the words, conduct, demeanor, motive and all other circumstances connected with the act for which the accused is prosecuted. . . ." In *State v. Moore*, 237 Ga. 269, 270 (227 SE2d 241), our Supreme Court held that "charges which place any burden of persuasion upon the defendant in criminal cases shall not be given and such charges will be deemed erroneous and subject to reversal, absent harmless error and invited error." The charge given in the instant case is not unconstitutionally burden shifting (*Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39)) and is not subject to the objection made. *Williams v. Kemp*, 255 Ga. 380 (338 SE2d 669).

5. Appellant asserts that the trial court erred in failing to conduct a pre-sentence hearing in which he would be permitted to introduce evidence in mitigation and extenuation. Contrary to this assertion, the record contains a transcript of such hearing which was attended by Veit and his counsel. We find this enumeration of error to be without merit.

6. Appellant argues that he was indicted by a constitutionally infirm grand jury, that counsel was ineffective for failing to challenge its composition, and the trial court erred in refusing his Motion to Challenge, filed August 1986, following his trial in January 1986. There is no evidence of record of any challenge to the grand jury prior to or during the trial. Such objection must be made known at the earliest possible opportunity. *Cobb v. State*, 218 Ga. 10 (126 SE2d 231). The only evidence as to the composition of the grand jury is contained in appellant's brief and papers he filed with the court after trial. We have no ruling on the Motion to Challenge in the record. " 'The burden is on him who asserts error to show it affirmatively by the record' [Cit.], and this cannot be done 'by evidentiary assertions . . . in enumerations and briefs.' [Cit.]" *Holzmeister v. State*, 156 Ga. App. 94 (274 SE2d 109). Appellant's attack at this late date is untimely. *Thomas v. State*, 239 Ga. 734 (1) (238 SE2d 888).

7. We have examined the remaining allegations of error in appellant's brief and found no one that was meritorious.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., and Pope, J.,*

*concur.*

DECIDED APRIL 14, 1987 —
REHEARING DISMISSED APRIL 30, 1987.

Terry Veit, *pro se.*
*Darrell E. Wilson, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.