312 Ga. 375
FINAL COPY

S21A0773.  NELSON v. THE STATE.

PETERSON, Justice.

This Court granted murder defendant Corey Nelson's application for interlocutory appeal of the trial court's denial of his motion to suppress evidence. At issue is evidence extracted from his cell phone and other electronic devices pursuant to search warrants. Nelson argues that the delay of more than two years between the date on which the electronic devices were seized pursuant to a search warrant for his residence, and the dates on which the devices were examined pursuant to subsequent search warrants for their contents, violated his Fourth Amendment rights. Although we posed a question to the parties regarding the significant legal question of when a search warrant has been executed, we need not — and so do not — answer that question to decide this case. The evidence challenged here was extracted days after warrants issued in 2020.

The only challenge Nelson now offers to this evidence is the long delay between the 2017 seizure of the devices and the 2020 issuance of the warrants. But his possessory interest in the devices was greatly diminished by the combination of his incarceration for the entire period of the delay and his failure to request the devices' return. Thus, we conclude that the trial court did not err in denying the motion to suppress, and we affirm.

On October 14, 2017, Cobb County police officers responded to a report of a shooting at a residence, where they found Khristopher Dixon dead from multiple gunshot wounds. Nelson was identified as a suspect, in part based on a post made on the victim's Instagram account just minutes before the first 911 call reporting the shooting. On October 15, 2017, Detective Philip Stoddard obtained and executed a warrant to search Nelson's home, including for electronic communication devices. Pursuant to the warrant, the police seized an iPhone, a Samsung cell phone, and a laptop computer. Nelson was arrested on the same day. On January 4, 2018, a Cobb County grand jury indicted Nelson for malice murder, felony murder,

aggravated assault, and possession of a firearm during the commission of a felony.

On January 18, 2018, Stoddard obtained separate warrants to search each of Nelson's devices for electronic data related to the crimes. On that same day, he submitted a written request for forensic analysis of each device to what is now known as the Cobb Police Department's Technology Based Crimes Unit ("TBCU"). But more than a year passed before TBCU analysts performed the examinations: data extraction was completed for the iPhone on February 6, 2019; the Samsung phone on January 8, 2020; and the laptop on January 9, 2020.[1]

Nelson filed a motion to suppress the evidence taken from these devices, arguing that the January 2018 warrants were void because they had not been executed within ten days as required by the warrants themselves and by OCGA § 17-5-25.[2] At a hearing, the

_____

[1] The record indicates that the Samsung cell phone did not belong to Nelson and had not been used since 2014. Nelson focuses on the iPhone in his appellate briefing.

[2] OCGA § 17-5-25 provides: "Any search warrant not executed within ten

State offered various excuses for the delay, including that the TBCU was understaffed and shifting to a new system for tracking requests for forensic tasks, that different matters such as missing persons cases may have taken higher priority, and that data extraction is time consuming. On February 4, 2020, the trial court granted Nelson's motion to suppress on the ground that the State had failed to comply with OCGA § 17-5-25 by not extracting the data within ten days of the issuance of the warrants. Following that order, Detective Stoddard applied for and was granted new search warrants, which were issued on February 7, 2020. Within ten days, the TBCU extracted data anew from the iPhone (on February 11, 2020), the Samsung cell phone (on February 14, 2020), and the laptop (on February 13, 2020).[3]

Nelson again moved to suppress the evidence extracted from

---

days from the time of issuance shall be void and shall be returned to the court of the judicial officer issuing the same as 'not executed.'"

[3] The trial court found that it was undisputed that Detective Stoddard relied on no information derived from the data extractions pursuant to the 2018 search warrants in seeking the 2020 search warrants, a finding that was supported by the record.

the devices. He argued among other things that the delay of more than two years from the date on which the electronic devices were seized until the date of the data extraction pursuant to the 2020 warrants violated his federal and state constitutional rights against unreasonable search and seizure, as well as his federal constitutional due process rights. The trial court denied the motion. The trial court concluded that the 2020 search warrants were properly issued and executed, ruling that they were supported by probable cause and executed within ten days of issuance, and that any delay in the filing of their returns did not render them invalid. The court also held that the delay between the seizure of the electronic devices and the issuance of the 2020 search warrants was not unreasonable. The court explained that it was "satisfied with the reason for the delay as presented by the State" in obtaining the new warrants — identifying that reason in the order as a lack of manpower and resources within the TBCU, as well as the necessity of obtaining the new warrants given the suppression of the evidence pursuant to the 2018 warrants. The trial court found no substantial

violation of Nelson's rights arising from the delay, noting that he had been in custody since October 2017.

This Court granted Nelson's interlocutory application, which argued that the delay between the seizure of the electronic devices and their searches pursuant to the 2020 warrants was unreasonable under the Fourth Amendment. We heard oral argument in the case on August 26, 2021.[4]

In reviewing a trial court's ruling on a defendant's motion to suppress evidence, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous; we will not disturb the trial court's findings based on conflicting evidence if there is any evidence to support them. See *State v. Rosenbaum*, 305 Ga. 442, 449 (2) (826 SE2d 18) (2019). The trial court's legal conclusions are reviewed de novo, however. See id. at 451 (2).

Here, the trial court decided that the warrant authorizing the

---

[4] We thank the amicus curiae for its brief and oral argument regarding the application of corpus linguistics to some of the questions presented.

seizure of the devices at issue was insufficiently particular to allow a thorough review of the electronic data contained therein, such that additional search warrants were required. We need not decide whether this holding was correct because we conclude that the trial court did not err in declining to suppress the electronic data ultimately culled pursuant to the 2020 warrants.

A seizure that is "lawful at its inception can nevertheless violate the Fourth Amendment" due to subsequent events that unreasonably infringe upon a person's possessory interests in the seized property. *United States v. Jacobsen*, 466 U.S. 109, 124 (104 SCt 1652, 80 LE2d 85) (1984). Delay in obtaining a warrant to search a seized item is one example of conduct that can unlawfully interfere with a defendant's possessory interests. See *Rosenbaum*, 305 Ga. at 454-455 (2) (e); *United States v. Mitchell*, 565 F3d 1347, 1350-1351 (11th Cir. 2009). The reasonableness of the delay in getting a warrant is determined on a case-by-case basis, in the light of all of the facts and circumstances. See *Rosenbaum*, 305 Ga. at 450 (2). We have adopted a four-factor test for balancing governmental

and private interests in this context, considering (1) the significance of the interference with the person's possessory interest; (2) the duration of the delay; (3) whether or not the person consented to the seizure; and (4) the government's legitimate interest in holding the property as evidence. See id. (citing *United States v. Laist*, 702 F3d 608, 613-614 (11th Cir. 2012)).

Here, it is not seriously disputed that, on the one hand, the State had a legitimate interest in holding the electronic devices as evidence, and that, on the other hand, the duration of the delay was unusually long and Nelson did not consent to the seizure of his devices. This leaves for our examination the significance of the State's interference with any possessory interest held by Nelson. In evaluating that factor, we consider "the degree of possessory interest in the subject property, the duration of the delay as it affects that interest, and the efforts of [the] defendant[ ] to secure the return of the items." *Rosenbaum*, 305 Ga. at 451 (2) (a).

Applying those sub-factors, we again note that the delay in examining the devices was lengthy. And people often have a

significant possessory interest in personal electronic devices, such as those at issue here. See *Rosenbaum*, 305 Ga. at 451 (2) (a) (personal computers, tablets, and cell phones are "unique possessions in which individuals may have a particularly powerful possessory interest" (citation and punctuation omitted)). But the trial court found that it was "aware of no demand from or on behalf of [Nelson] for the return of these devices," a finding that is not clearly erroneous.[5] Moreover, the trial court found that Nelson could not personally use or possess the devices, given that he had been in custody without bond since October 2017. "Where individuals are incarcerated and cannot make use of seized property, their possessory interest in that property is reduced." *United States v. Sullivan*, 797 F3d 623, 633 (9th Cir. 2015) (citing *Segura v. United States*, 468 U.S. 796, 813 (104 SCt 3380, 82 LE2d 599) (1984)

---

[5] Nelson argued to the trial court that his counsel's request for discovery of data contained on his phone was akin to requesting a return of the device. The trial court rejected that argument, saying that "[a] request for discovery and the subsequent disclosure of discoverable materials by the State does not result in the release of physical evidence." We agree.

(plurality opinion)).[6]

This case presents unusual facts and an extremely lengthy delay. But given the government's strong interest in holding the devices at issue, Nelson's significantly reduced possessory interest in the devices, and the consequently limited nature of the State's interference with that interest, even weighed against the lengthy duration of the delay and lack of consent to the seizure, the trial court was authorized to conclude that the delay in securing the 2020 warrants did not violate the Fourth Amendment. Compare *Rosenbaum*, 305 Ga. at 451-455 (2) (totality of circumstances confirmed trial court's conclusion that 539-day delay in securing warrants for search of electronic devices seized incident to arrest was unreasonable, where State made no showing of particular complexity, difficulty in drafting the warrant, or competing

---

[6] In *Rosenbaum*, we did not rely on the custodial status of the defendants in our analysis, nor is it dispositive here in and of itself. But we did rely on the trial court's finding that the defendants had made sufficiently robust demands for the return of their property to prevent any diminishment of their possessory interest — a finding contrary to the one here. See 305 Ga. at 451-452 (2) (a), 454-455 (2) (e).

demands on a limited number of officers, and record showed that defense had sought return of the devices for a year-and-a-half).[7]

*Judgment affirmed. All the Justices concur.*

---

[7] Although Nelson cited the Georgia Constitution's corollary to the Fourth Amendment in his motion to suppress, he makes no independent argument to this Court under the Georgia Constitution, and we do not consider whether the data might properly have been suppressed as a matter of state constitutional law (or, indeed, whether there even is a state constitutional exclusionary rule that could apply in these circumstances). We also need not decide the other issues that have been briefed by the parties, such as whether the State complied with OCGA § 17-5-25 in its initial examinations of the devices pursuant to the 2018 warrants. The challenged records are not the result of those initial examinations. And Nelson has made no argument to this Court that the execution of the 2020 warrants failed to comply with OCGA § 17-5-25.

Decided September 8, 2021.

Murder. Cobb Superior Court. Before Judge Leonard.

*Mitchell D. Durham, Jill E. Stahlman*, for appellant.

*Flynn D. Broady, Jr., District Attorney, Stephanie A. Green, John R. Edwards, Linda J. Dunikoski, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.

*Clark D. Cunningham*, amicus curiae.