**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, C. J., and MARKLE. J.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 9, 2024**

# In the Court of Appeals of Georgia

A22A0422. THE STATE v. MIDDLETON.

DILLARD, Presiding Judge.

In *State v. Middleton*,[1] the State appealed the trial court's grant of Patrick Middleton's motion to suppress evidence obtained during a traffic stop. In doing so, the State argued the court erred in ruling that because Officer Amanda Graw of the Kingsland Police Department—a municipal law enforcement officer—initiated the traffic stop of Middleton's vehicle outside the municipality's boundaries, she had no jurisdiction and thus was not engaged in the lawful discharge of her official duties at the time of the search and subsequent arrest. We agreed with the State, and reversed the grant of Middleton's motion to suppress, concluding that Officer Graw had

---

[1] 363 Ga. App. 851 (872 SE2d 920) (2022).

jurisdiction because she had been adequately deputized by the Camden County Sheriff's Office several years prior to the subject traffic stop. We further determined the trial court's finding that the State failed to introduce evidence as to the scope or content of this deputization was belied by Officer Graw's uncontradicted testimony that she was, in fact, authorized to make arrests in Camden County.

Then, in *Middleton v. State*,[2] the Supreme Court of Georgia vacated our opinion, explaining that the trial court's order was unclear as to whether it made a factual finding regarding the scope of Officer Graw's deputization (which would be entitled to deference) or a legal ruling on the effect and duration of a general deputization (which would be subject to *de novo* review).[3] As a result, our Supreme Court directed us to vacate the trial court's order and remand the case with direction, seeking clarification as to whether the court's ruling that Officer Graw did not have legal authority to stop and search Middleton was based on the factual finding that she

---

[2] 316 Ga. 808 (890 SE2d 713) (2023).

[3] *See Nelson v. State*, 312 Ga. 375, 377 (863 SE2d 61) (2021) ("In reviewing a trial court's ruling on a defendant's motion to suppress evidence, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous; . . . [t]he trial court's legal conclusions are reviewed de novo, however.").

had been deputized for particular cases only. Accordingly, we vacate our prior opinion, adopt the opinion of the Supreme Court as our own, vacate the trial court's order, and remand this case for the court to clarify its order as directed.

*Judgment vacated and remanded. Mercier, C. J., and Markle, J., concur.*